## Beliles, et al. v. Federal Land Bank of Louisville.

(Decided October 19, 1926.)

### Appeal from Butler Circuit Court.

Mortgages—Setting Aside Mortgage Foreclosure Sale Held Not Abuse of Discretion, where Price was Inadequate, Land was Not Advertised, Appraised or Sold in Conformity with Judgment, and Mortgagee had no Representative at Sale.—Setting aside mortgage foreclosure sale held not abuse of discretion, where price was inadequate, land was not advertised, appraised or sold in conformity with judgment, and mortgagee had no representative at sale, due to misunderstanding of attorneys as to time it would be held.

G. V. WILLIS and W. R. GARDNER for appellants.

THOMAS, THOMAS & LOGAN and CHANEY & DIXON for appellee.

Opinion of the Court by Judge Clay—Affirming.

On October 18, 1919, C. V. Beliles and his wife, Josie Beliles, borrowed from the Federal Land Bank of Louisville the sum of $8,000.00, which they secured by a mortgage on three tracts of land in Butler county; one of 225 acres, one of 175 acres and one of 123 acres. The mortgagors having failed to keep up their payments, the mortgagee brought this suit to recover the balance due and to enforce its mortgage lien. Judgment was rendered at the August term ordering the land sold separately and then as a whole. At the sale no representative of the mortgagee was present, and C. V. Beliles, the owner, bought the land for his sons, J. V. Beliles, and L. E. Beliles. There were two reports of sale; one stating that two tracts of land known as the Austin farm and containing 175 acres were appraised at $3,000.00 and sold for $2,100.00, the other stating that one tract known as the Baggart and Hilderland creek farm and containing 340 acres was appraised at $1,500.00 and sold for $1,100.00, thus making the entire purchase price $3,100.00. In due time exceptions were filed to the reports of sale and the sale was set aside. On a resale the Federal Land Bank became the purchaser at the price of $6,000.00, and the sale was confirmed. The purchasers at the first sale appeal from the order setting that sale aside.

Briefly stated the grounds of exceptions were: (1) In the year 1924 the legislature provided for an August term of the Butler circuit court. Appellee's attorneys, who lived in Bowling Green, were not aware of the change. For this reason the judgment was entered before they thought it would be, and no one representing the Federal Land Bank was present at the sale. (2) The purchase price was grossly inadequate. (3) The property was not advertised, appraised or sold in conformity with the judgment.

It is true that no proof was taken on the exceptions as to the value of the land. It appears, however, that for the purpose of securing the loan the owner represented its value at $16,000.00. The appraisement itself was $4,500.00. The purchase price was $3,100.00. Accompanying the exceptions was an offer, accompanied by proper bond, to bid $6,000.00 on a resale. In view of this situation we can not escape the conclusion that the purchase price was wholly inadequate. Not only so, but as the judgment provided that the land be sold in separate

ᴱtracts, and then as a whole, it should have been adver-
tised, appraised and sold in that way, and the advertise-
ment and reports of sale show that this was not done
There is the additional circumstance that because of a
misapprehension as to the terms of the Butler circuit
court appellee's attorneys did not know that the sale had
been ordered, and appellee had no representative at the
sale. If the terms of court had been changed in the
county where they lived a different question would be
presented, but we are not prepared to say that their fail-
ure to ascertain that the legislature provided for a new
term in an adjoining county, especially when the change
had just been made, was such negligence on their part
as to prevent their client from relying on the mistake.
In view of the inadequacy of price, the fact that the land
was not advertised, appraised or sold in conformity with
the judgment, and the circumstance that appellee had
no representative at the sale because of the misunder-
standing of its attorneys as to the time of sale, we are
constrained to hold that the chancellor did not abuse a
sound discretion in setting aside the sale.

Judgment affirmed.